STEWART, J„
dissenting.
17 Upon review of this record, I cannot agree with the majority’s finding that the evidence was sufficient to prove Trivens-key Odom guilty of armed robbery beyond a reasonable doubt, particularly in light of the less than rehable one-on-one identification made by the victim.
Though the robber who hit him was wearing a mask, Booker testified that he could see his eyes and mouth. Yet, he could not give any descriptive details such as the perpetrator’s height, the color of his eyes, or whether he had gold teeth. Booker claims he identified Odom as the perpetrator based on the shape of his head, his skin color, and the way he was sweating. Booker also described the perpetrator who hit him as wearing a green shirt with a white shirt underneath, faded jeans, and tennis shoes. When Odom was apprehended shortly after the robbery, he was wearing a common ensemble consisting of a white t-shirt, jeans, and tennis shoes. No green shirt was found. Though Odom did have a black skull-cap or do-rag in his pocket, this item was not shown to be a mask with eye holes or identified by Booker as what was worn by the perpetrator who hit him.
*68 Moreover, the record indicates that Odom was presented to Booker for identification almost contemporaneously with his apprehension. Booker testified that the officer indicated to him that she “pretty much” knew Odom was one of the perpetrators. Having been the victim of a burglary and then an armed robbery during which he was hit on the head with the base of a firearm, Booker was primed to identify Odom as the perpetrator when Sgt. Gallier essentially presented him as such.
| {.The one-on-one identification procedure was unduly suggestive and resulted in an unreliable identification. Only Booker’s unreliable identification links Odom to the armed robbery. Odom did not have on a green shirt as described by Booker. The police did not recover the gun or the stolen money. They were not able to connect Odom to the blue Intrepid that Booker saw before the incident. Odom’s shoe print was not conclusively matched to the cast of the shoe print found in Booker’s yard. The state proved only that Odom was found sweating and running in a neighborhood within the police perimeter on a summer morning.
The majority refers to facts from the record, but it also relies on information, particularly concerning the relevant locations at issue, that was not presented to the jury. Even so, other reasonable hypotheses of innocence cannot be excluded. For these reasons, I dissent from the majority opinion affirming Odom’s conviction and sentence.